UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>MIGUEL ANGEL TRUJILLO,<br><br>                    Defendant. | NO: 2:18-CR-0072-TOR<br><br>ORDER GRANTING WITHDRAWAL OF GUILTY PLEA AND DISMISSING INDICTMENT |

BEFORE THE COURT is Defendant's Motion to Withdraw and Dismiss (ECF No. 46). The United States opposed the motion. ECF No. 52. The Defendant is represented by Colin Prince. George J.C. Jacobs, III appeared on behalf of the government. The Court has reviewed the files and the record, and is fully informed. For the following reasons, the Motion (ECF No. 46) is **granted**.

## DISCUSSION

On October 2, 2018, Miguel Angel Trujillo appeared before the Court and entered a plea of guilty to the Indictment filed on May 1, 2018, charging him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18

ORDER GRANTING WITHDRAWAL OF GUILTY PLEA AND DISMISSING INDICTMENT ~ 1

U.S.C. §§ 922(g)(1) and 924.  Prior to sentencing, Defendant filed the subject motion based on the Ninth Circuit's intervening decision in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. Jan. 10, 2019).   In essence, Defendant contends his two prior state juvenile convictions do not constitute felonies which would prohibit him from possessing firearms and ammunition under federal law.

18 U.S.C. § 922(g) prohibits possession of any firearm or ammunition by any person "who has been convicted in any court of , a crime punishable by imprisonment for a term exceeding one year[.]"  Previously, courts interpreted that phrase  to refer to the statutory maximum for the underlying offense.  *See e.g., United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005).  *Valencia-Mendoza*, however, now defines "punishable by" as the sentence to which the defendant is actually exposed under Washington's mandatory sentencing scheme, overruling *Murillo*.  *See United States v. McAdory*, ___ F.3d ___ (No. 18-30112, August 28, 2019).

Here, the parties do not dispute that Defendant was exposed to a maximum of 30 days in jail under Washington's mandatory sentencing scheme for each of his two prior offenses.  *See* ECF Nos. 46-1 at 3; 46-2 at 3.

Accordingly, Defendant has shown a fair and just reason for withdrawing his guilty plea, he is innocent of the crime.  *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004) (Fair and just reasons for withdrawal include . . . newly

ORDER GRANTING WITHDRAWAL OF GUILTY PLEA AND DISMISSING INDICTMENT ~ 2

discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea[]" including "legal innocence.").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Withdraw and Dismiss (ECF No. 46) is **GRANTED**.
2. Defendant's guilty plea to the Indictment filed on May 1, 2018, charging him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 is **WITHDRAWN**.
3. The Indictment filed on May 1, 2018, charging Defendant with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 is **DISMISSED**.
4. All remaining hearings and pre-sentencing release conditions are **VACATED**; this case is closed.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshal's Service.

DATED August 30, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING WITHDRAWAL OF GUILTY PLEA AND DISMISSING INDICTMENT ~ 3